509 P.2d 1329

**Albert J. KELLER, Complainant-Appellant,**

v.

**CITY OF ALBUQUERQUE, Respondent-Appellee.**

**No. 9522.**

Supreme Court of New Mexico.

May 11, 1973.

David L. Norvell, Atty. Gen., Richard A. Griscom, Agency Asst. Atty. Gen., Santa Fe, James Sidwell, Albuquerque, for appellant.

Lynn D. Smith, Jr., Albuquerque, for appellee.

OPINION

MONTOYA, Justice.

Complainant Albert Keller (Keller) filed a charge of unlawful discrimination with the Human Rights Commission (Commission), wherein he alleged that the City of Albuquerque (City), terminated his employment as an Albuquerque police officer solely on the basis of age, contending that the City violated the New Mexico Human Rights Act, § 4–33–1 et seq. N.M.S.A., 1953 Comp. (Repl.Vol. 2, 1971 Pocket Supp.). The Commission found in favor of Keller and ordered the City to compensate Keller in the amount of $1,000 and to reinstate him until at least December 31, 1971.

The City appealed this decision to the district court. The appeal was submitted to the district court on the transcript of the Commission hearing and memorandum brief. The district court set aside the order of the Commission and entered judgment in favor of the City. Both the Commission and Keller appeal and they will be referred to hereafter as "appellants."

Appellants assert that the trial court erred when it refused to accept appellants' requested conclusion of law No. 3 that:

"The Commission did not act arbitrarily, capriciously, or fraudulently in arriving at this determination, nor was it acting outside the scope of its authority."

Also, that the trial court erred in concluding:

"That the legally admissible evidence contained in the transcript of the Commission hearing, does not support the findings of the Human Rights Commission."

Appellants base their argument on the principle of administrative law that limits a reviewing court's scope of review to certain restricted questions of law. In Johnson v. Sanchez, 67 N.M. 41, 48–49, 351 P. 2d 449, 454 (1960), this court stated that:

"* * * on appeals from administrative bodies the questions to be answered by the court are questions of law and

are actually restricted to whether the administrative body acted fraudulently, arbitrarily or capriciously, whether the order was supported by substantial evidence, and, generally, whether the action of the administrative head was within the scope of his authority. [Citations omitted.]"

The same general rule has been followed in appeals from other administrative agencies, other than the ones involved in the cases cited in Johnson v. Sanchez, supra. Such agency decisions reviewed, and the cases following the general rule stated above, are: (Board of Medical Examiners) Seidenberg v. New Mexico Board of Medical Exam., 80 N.M. 135, 452 P.2d 469 (1969); (State Tax Commission) Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967); (Bank Examiner) S.I.C. Finance-Loans of Menaul, Inc. v. Upton, 75 N.M. 780, 411 P.2d 755 (1966); (Public Service Commission) Llano, Inc. v. Southern Union Gas Company, 75 N.M. 7, 399 P.2d 646 (1964); (State Engineer) Ingram v. Malone Farms, Inc., 72 N.M. 256, 382 P.2d 981 (1963), prior to the adoption of Art. XVI, § 5, N.M.Const. in 1967; (Oil Conservation Commission) Continental Oil Co. v. Oil Conservation Com'n, 70 N.M. 310, 373 P.2d 809 (1962).

The citation of the above cases and agencies involved illustrates the continued application of the general rule involving scope of review by the district courts in appeals from decisions or orders of administrative agencies. It would, therefore, appear that those precedents would be dispositive of the first two points raised by appellants.

However, a close examination of the appeal statute, § 4–33–12, supra, reveals that this statute has peculiar language relating to appeals from decisions of the Commission not present in other laws relating to appeals from administrative agencies. We are here concerned with § 4–33–12, supra, which states in pertinent part:

"A. Any person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred * * *.

"B. Upon receipt of the notice of appeal, the commission shall file so much of the transcript of the record as the parties stipulate necessary for the appeal with the district court.

"C. Upon appeal, either party may request a jury. The jurisdiction of the district court is exclusive and its judgment is final, subject to further appeal to the Supreme Court."

It, therefore, presents a novel question that has not heretofore been considered by this court.

We do not consider the question as to whether the Commission is an inferior tribunal within the purview of § 21–10–1, N.M.S.A., 1953 Comp.

In the instant case, § 4–33–12, supra, refers specifically to a "trial de novo" in the district court. It further provides that a transcript of the record before the commission shall be filed as is necessary for the appeal to the district court, and then, in subsection (C) provides that, on appeal, either party may request a jury. What then is the significance of the different statutory language as to the procedure on appeal? Since we have no decided case construing this statute, we must, from the words of the statute, interpret its meaning and determine the legislative intent.

A review of some of the statutes on scope of review from administrative agencies indicates that different language is used to specify the type of review. Our New Mexico Statutes referred to hereinafter use such expressions as "hearing shall be de novo," § 46–5–16, N.M.S.A., 1953 Comp. (Liquor Control Chief); "The trial upon appeal shall be de novo, without a jury," § 65–3–22, N.M.S.A., 1953 Comp. (Oil Conservation Commission); "the cause shall be heard de novo on the law and the facts," § 48–17–52, N.M.S.A., 1953 Comp. (State Bank Examiner); "shall be tried de novo," § 48–18–27, N.M.S.A., 1953 Comp. (Commissioner of Securities), but

this same statute contains the following language: "Said hearing shall not be by trial de novo, but by review only." Other statutes providing for review of administrative agencies contain such language as "the judge shall sit without a jury" and state the standards to be followed upon review, such as violation of constitutional or statutory provisions by hearing board, errors of law, or that the findings are unsupported by substantial evidence, or that the decision is arbitrary or capricious. See § 67–26–20, N.M.S.A., 1953 Comp. (Repl. Vol. 10, pt. 1, 1961). Other statutes only provide for vacating of the agency's order if it is "unreasonable or unlawful." See § 68–9–5, N.M.S.A., 1953 Comp. (Public Service Commission). It would serve no useful purpose to attempt to review all statutes or decisions as to the scope of review allowed. Suffice it to say that the general rule, as stated in Johnson v. Sanchez, supra, is what we have consistently followed, and cases holding otherwise have been expressly overruled. See Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763 (1963), overruling Farmers Development Company v. Rayado Land & Irrigation Co., 18 N.M. 1, 133 P. 104 (1913).

We then must consider the effect of the statutory language "upon appeal, either party may request a jury." Having a jury review of agency decisions in New Mexico represents a departure from our statutory procedure in effect upon that subject and, therefore, there is a lack of any decisions on the question.

A "trial by jury" has been defined as comprehending

"* * * a full and fair hearing upon all relevant issues where all questions of fact presented by the testimony are decided by the jury in accordance with the principles of law given to them in the instructions by the judge. * * *"

New England Novelty Co. v. Sandberg, 315 Mass. 739, 750, 54 N.E.2d 915, 919 (1944).

It would then follow that the statute requires an independent review of the facts by the jury upon the record made in the hearing before the Commission, and such additional relevant evidence as may be presented by the parties. In the instant case, neither party requested a jury and, therefore, a waiver is to be implied, because it is implicit in the statute that a demand or request be made. However, when the judge, rather than the jury, sits as the trier of facts, he occupies the same position as the jury and would decide all questions of fact independently of any previous determination made by the Commission.

Provisions of a statute mandating a review by a jury of a decision of an administrative agency, although novel in New Mexico, have been enacted in other states. Oregon has such a statute providing for an appeal to the circuit court, with a right to a trial by jury on any question of fact, after a final order of the Industrial Accident Commission. In Tice v. State Industrial Accident Commission, 183 Or. 593, 606, 195 P.2d 188, 194 (1948), the Supreme Court of Oregon, in construing such a statute, said as follows:

"While it may seem incongruous to some that a jury should be permitted to sit in judgment to review the action of the commission in a matter of this kind, there can be no doubt of the power of the legislature to authorize such procedure, and, when once it is determined that the legislature has so ordained, that must be an end of the matter so far as the courts are concerned. 'The right of appeal does not depend upon whether the determination appealed from involves the exercise of discretion by the tribunal rendering the decision, but upon the statute creating the right to appeal * * *.' Chebot v. State Industrial Acc. Comm., supra [166 Or. 660, 668, 221 P. 792, 795]. To the same effect is Grant v. State Industrial Acc. Comm., 102 Or. 26, 201 P. 438. Much of what is said in the opinion in that case as to the right to appeal from a discretionary or-

der of the commission is applicable here. And see, Benson v. State Industrial Acc. Comm., 108 Or. 565, 572, 215 P. 878. This court assumed in the Landauer case [Landauer v. State Industrial Acc. Comm., 175 Or. 418, 427, 154 P.2d 189] that the case had been properly appealed to the Circuit Court.

"The discussion in the commission's brief of the usual method of judicial review of the decisions of administrative tribunals is irrelevant in view of the provisions of the statute. * * *"

■ The opinion in the Tice case has been subsequently followed in Burkholder v. State Industrial Accident Com'n., 242 Or. 276, 409 P.2d 342 (1965). The State of Maryland has a similar statute providing for review of fact determinations by a jury on appeals from the State Industrial Accident Commission. See Sun Cab Co. v. Powell, 196 Md. 572, 77 A.2d 783 (Ct.App. 1951). Accordingly, we hold that in appeals from the Human Rights Commission, the district court has the right to make an independent determination of the facts from the record in the case and such additional relevant evidence as may be presented, and that the general rule, as enunciated in Johnson v. Sanchez, supra, in respect to appeals from administrative bodies, is not applicable in this case. Therefore, we hold that the district court did not err in refusing the appellant's requested conclusion of law No. 3. It might be worthy of mention that the effect of the jury trial provisions of the appeal statute involved herein was not briefed or apparently argued below, but we felt compelled to consider the same in order to effect a proper disposition of the issues in this case.

■ What we have said above effectively disposes of the next point raised by appellants, that the trial court erred in its conclusion of law No. 16, that the legally admissible evidence in the transcript does not support the findings of the Commission. Under the principles which we have stated as applicable in the review of the Commission's decision, the district court should make an independent appraisal of the facts based upon the record and such additional relevant evidence as may be presented, and we cannot weigh the evidence, such being reserved for the trier of the facts (the district court) and we are limited to the question as to whether the court's findings and conclusions are supported by substantial evidence.

We now consider the next two points, which are interrelated and will be discussed together. Appellants contend that the lower court erred in finding § 4–33–7, supra, so vague and indefinite as to make it impossible to determine and effectuate the legislative intent of such section. They further contend that it was error for the trial court to find that § 4–33–7, supra, does not provide reasonable guidelines as to age.

Section 4–33–7, supra, is lengthy but it is sufficient for our purposes to appraise § 4–33–7(A), as that subsection contains the only reference to discrimination on the basis of age.

"It is an unlawful discriminatory practice for:

"A. an employer, *unless based on a bona fide occupational qualification,* to refuse to hire, to discharge, to promote or demote or to discriminate in matters of compensation against any person *otherwise qualified* because of race, age, religion, color, national origin, ancestry or sex." (Emphasis added.)

■ In the process of considering problems arising out of statutory construction, a number of rules have been developed which are pertinent. They are succinctly stated in Fort v. Neal, 79 N.M. 479, 481, 444 P.2d 990, 992 (1968):

"We first note the rule that statutes are to be given effect as written, Gonzales v. Oil, Chemical & Atomic Workers International Union, AFL–CIO, 77 N.M. 61, 419 P.2d 257 (1966), and where free from ambiguity, there is no room for construction. Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200

(1966). Where there is ambiguity, however, and meaning is not clear, resort may be had to construction and interpretation, Montoya v. McManus, 68 N.M. 381, 362 P.2d 771 (1961); Weiser v. Albuquerque Oil & Gasoline Co., 64 N.M. 137, 325 P.2d 720 (1958), and, even then, intent is to be determined primarily from the language used, Montoya v. McManus, supra, and the entire provision is to be read together so that all parts are given effect in arriving at the intent of the drafters and promulgators. Drink, Inc. v. Babcock, 77 N.M. 277, 421 P.2d 798 (1967); Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017 (1949)."

Then in Trujillo v. Romero, 82 N.M. 301, 305, 481 P.2d 89, 93 (1971), we announced the following rules with respect to statutory construction:

"We should consider the consequences of various possible constructions and should not adopt a construction which would defeat the legislature's intentions, or lead to absurd results. Westland Development Co. v. Saavedra, 80 N.M. 615, 459 P.2d 141; Midwest Video v. Campbell, 80 N.M. 116, 452 P.2d 185; State v. Nance, 77 N.M. 39, 419 P.2d 242, cert. den. 386 U.S. 1039, 87 S.Ct. 1495, 18 L. Ed.2d 605."

Legislative enactments may, of course, be declared invalid if their meaning is so uncertain that the court is unable to determine the legislative intent with any degree of certainty. However, "* * * Reasonable precision is all that is required of statutes. * * *" Silver City Consol. Sch. Dist. No. 1 v. Board of Regents, 75 N.M. 106, 111, 401 P.2d 95, 99 (1965). "* * * All that is required is language making the statute understandable and sensible, in which event it should be upheld as valid. [Citation omitted.]" Daniels v. Watson, 75 N.M. 661, 669, 410 P.2d 193, 198 (1966).

We mention the foregoing rules because of the trial court's conclusion that the statute is vague, indefinite and provides no reasonable guidelines as to age.

In enacting the Human Rights Act, it was the intent and purpose of the legislature to eliminate and prevent discrimination on the basis of race, age, religion, color, national origin, ancestry or sex, and to promote good will. Section 4–33–1 et seq., supra. In keeping with the canons of construction applicable to the interpretation of statutes, and upon a study of § 4–33–7, supra, we do not find it to be repugnant to the New Mexico Constitution. Section 4–33–7, supra, defines what is an unlawful discriminatory practice. It does so with sufficient particularity to effectuate the legislative intent of the Human Rights Act.

Section 4–33–7, supra, provides that certain discriminatory practices are unlawful "* * * unless based on a bona fide occupational qualification * * *." Further, such discrimination may not be employed "* * * against any person otherwise qualified * * *." Though these guidelines are not as precise as the federal act dealing with the same problems of age, the standards or guidelines contained in the statute and tested by the foregoing rules are not so infirm as to be invalid. Compare 29 U.S.C.A. § 623(f) (1967).

Finally, the City argues that if there is no judicial review then the Commission is without jurisdiction to make any determination as to violations of the Human Rights Act, because such a power does not extend to the determination of rights and liabilities between individuals and cite State ex rel. Hovey Concrete Products Company v. Mechem, 63 N.M. 250, 316 P. 2d 1069 (1957), in support of its argument. We do not agree that the Mechem case is controlling. The disposition we have made of the type of review afforded under the statute sufficiently answers the contention. We are not concerned in the instant case with issues involving the separation of powers doctrine, which was decided in Mechem, supra. We are concerned here only with the vagueness and indefiniteness attributed to the statute in question, which we have decided adversely to the conten-

tion of the City, and have further held the trial court's conclusion in that regard was error.

Accordingly, we affirm the decision of the trial court in setting aside the order of the Commission, but reverse the trial court on its conclusion that the Human Rights Act was vague and indefinite and, in the instant case, does not provide reasonable guidelines as pertains to age.

The cause is, therefore, remanded to the trial court for the entry of its decision and judgment in conformity with the views expressed herein.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.