527 P.2d 789

Delores **LINTON**, Complainant-Appellant,

v.

**FARMINGTON MUNICIPAL SCHOOLS,**
Respondent-Appellee.

No. 9820.

Supreme Court of New Mexico.

Oct. 18, 1974.

Sutin, Thayer & Browne, Donald M. Salazar, Santa Fe., for complainant-appellant.

Tansey, Rosebrough, Roberts & Gerding, Farmington, for respondent-appellee.

## OPINION

MARTINEZ, Justice.

Delores Linton, appellant (hereinafter "Linton"), filed a charge of unlawful discrimination with the Human Rights Commission of New Mexico (hereinafter "Commission"), alleging that Farmington Municipal Schools, appellee (hereinafter "Farmington"), terminated her employment as a teacher on the basis of race; thereby violating the New Mexico Human Rights Act, § 4–33–1 et seq., N.M.S.A.1953 (Repl. Vol. 2, part 1, 1974). The Commission found for Linton on February 26, 1973, and ordered Farmington to reemploy Linton; pay her $1,000.00 actual damages; and to cease the practice of unlawful discrimination.

Farmington filed a notice of appeal and a motion for a stay of the Commission's order pursuant to § 4–33–12 of the Human Rights Act, supra, on March 26, 1973, in the District Court of San Juan County. On July 11, 1973, the court gave notice of a trial de novo to be held on August 6, 1973. On July 23, 1973, Linton filed an affidavit of disqualification against the Honorable James W. Musgrove pursuant to § 21–5–8, N.M.S.A.1953 (Repl. Vol. 4, 1970). Farmington filed an objection to the affidavit of disqualification on the grounds that it was not timely filed. Judge Musgrove sustained the objection and certified the matter for interlocutory appeal to this court.

Relying on § 21–2–1(20)(1), N.M.S.A. 1953 (Repl. Vol. 4, 1970) which provides that "[n]one but jurisdictional questions shall be first raised in the Supreme Court," Linton contends that the district court lacks jurisdiction to try the case de novo because of an alleged defect in Farmington's notice of appeal. The alleged defect is that Farmington's notice of appeal did not state the grounds on which the appeal was based. Linton's contention that Farmington was required to state the grounds upon which its appeal was based relies on the fact that the Commission adopted the provisions of the Administrative Procedures Act (APA), § 4–32–1 et seq., N.M.S.A.1953 (Repl. Vol. 2, part 1, 1974) on April 21, 1973. These provisions became effective on May 22, 1972, and were in effect during the Commission's hearing and at the time of Farmington's appeal.

■ It is Linton's contention that the adequacy of Farmington's notice of appeal is to be judged by the standards of § 4–32–16, subd. F, of the APA, supra, which requires that the notice of appeal state " * * * the ground or grounds specified in section 22 of the Administrative Procedures Act [4–32–22, supra] upon which petitioner contends he is entitled to relief." However, Linton overlooks § 4–32–16, subd. A, supra, of the same act, which provides in pertinent part that " * * * nothing in this section prevents resort to other means of review, redress or relief available because of constitutional provisions or otherwise prescribed by statute." This language preserves the means of review provided for by § 4–33–12 of the Human Rights Act, supra. The question is whether or not it also preserves the procedural means for obtaining such review. We hold that it does.

■ The grounds of relief contained in § 4–32–22 of the APA, supra, are restricted to those traditionally available where judicial review is restricted to the record. That the scope of judicial review contemplated by § 4–33–12 of the Human Rights Act, supra, is much broader was settled by this Court in Keller v. City of Albuquerque, 85 N.M. 134, 138, 509 P.2d 1329, 1333 (1973), where we held:

" * * * in appeals from the Human Rights Commission, *the district court has the right to make an independent determination of the facts from the record in the case and such additional relevant ev-*

*idence as may be presented,* and that the general rule, as enunciated in Johnson v. Sanchez, supra, in respect to appeals from administrative bodies, is not applicable in this case." (Emphasis added.)

To further strengthen this point, attention is called to the judicial review provided for by § 4–33–12, subd. B, of the Human Rights Act, which reads:

"B. Upon receipt of the notice of appeal, the commission shall file so much of the transcript of the record as the parties stipulate necessary for the appeal with the district court."

The Supreme Court of Oregon in describing a similar provision providing for a trial by jury on appeal from an administrative agency stated that:

"The appeal for which the statute provides is not an appeal in the conventional sense. 'The term "appeal," in the act under consideration, is not used in the restricted sense of an appeal from an inferior court to a superior court, but rather in the sense of calling upon a competent court for the determination of the claim.'" [Citations omitted.]

Tice v. State Industrial Accident Commission, 183 Or. 593, 608, 195 P.2d 188, 194 (1948). This statement is equally true of the judicial review provided by § 4–33–12 of the Human Rights Act, supra. To restrict a party to the grounds of relief outlined in the APA, supra, would in effect destroy § 4–33–12, supra, as a means of review distinct from that provided by the APA, supra. We hold that Farmington was not required to state the grounds for its appeal, and therefore its notice of appeal was effective to give the district court jurisdiction to try the case de novo.

Linton next contends that the district court erred in holding that her affidavit of disqualification was not timely filed. Section 21–5–9, N.M.S.A.1953 (Repl. Vol. 4, 1973 Supp.) provides that:

"The affidavit of disqualification shall be filed within ten [10] days after the cause is at issue or within ten [10] days after the time for filing a demand for jury trial has expired, whichever is the later."

This is the first case to deal with when a case is at issue under the present § 21–5–9, supra. However, there are controlling cases which decided this point under the predecessor to the present § 21–5–9, supra, which read as follows:

"Such affidavit shall be filed not less than ten [10] days before the beginning of the term of court, if said case is at issue." [N.M.Laws 1933, ch. 184, § 2 (Repealed 1971).]

The general rule stated by these cases is that a cause is at issue when the answer is filed. Atol v. Schifani, 83 N.M. 316, 491 P.2d 533 (1971); Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531 (1951).

When does this occur in the context of a trial de novo on appeal from a decision of the Commission? Farmington's position is that the cause is at issue when the notice of appeal is filed; the notice of appeal serving to reinstate the original pleadings upon which the cause was tried before the Commission. Linton, on the other hand, contends that the cause is not at issue until the transcript of the hearing below is filed in the district court. We agree with Linton.

From the standpoint of the parties involved, they are undoubtedly familiar with the issues to be tried from the moment the notice of appeal is filed. But the court will have no idea of the issues involved until the transcript is filed and cannot proceed without it. This is especially true where, as here, no written answer was required at the hearing before the Commission. The answer is in effect contained in Farmington's oral response to the charges against it. In addition, the parties have stipulated that the entire transcript is necessary for the trial de novo. Under these circumstances, we hold that the cause is not at issue until the transcript is filed. This holding is in accord with our decision in an analagous case dealing with a trial de novo on appeal from a decision of a

justice of the peace court, where we stated that:

"Although the justice of the peace loses jurisdiction when the appeal is granted and the bond approved, and the district court necessarily acquires immediate jurisdiction, and may require, for example, the justice of the peace to send up the proper and complete transcript and papers relating to the suit in due course and before the next term of court [citations omitted], *it cannot be said the cause is at issue, and ready, over objections, to be tried at any time the cause is properly docketed,* * * *." (Emphasis added.)

Reece v. Montano, 48 N.M. 1, 7, 144 .P.2d 461, 464 (1943).

Since the transcript had not been filed at the time Linton filed her affidavit of disqualification, we hold that the affidavit was timely filed. The decision of the district judge to the contrary is therefore reversed, and Judge Musgrove is ordered to disqualify himself from this case.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.