823 P.2d 318

**Iva GREEN, Petitioner,**

v.

**Honorable Edmund H. KASE, District Judge, Respondent.**

**No. 20111.**

Supreme Court of New Mexico.

Jan. 7, 1992.

Jeff Romero, Albuquerque, for petitioner.

John P. Viebranz, Santa Fe, for real party in interest, The City of Socorro.

OPINION

RANSOM, Chief Justice.

Iva Green seeks by extraordinary writ to overturn a district court pretrial order concerning the presentation of proof at a trial de novo on appeal from an order of the Human Rights Commission. The nature of and procedures for appeal from an order of the commission are described in NMSA 1978, Section 28–1–13 (Repl.Pamp.1991). The pertinent provisions provide:

(A) Any person aggrieved by an order of the commission may obtain a trial de novo in the district court * * * by filing a notice of appeal within thirty days from the date of service of the commission's order * * * *

(B) If testimony at the hearing was transcribed, the division shall, upon receipt of

the notice of appeal, file so much of the transcript of the record as the parties requesting the transcript designate as necessary for the appeal with the district court.

(C) Upon appeal, either party may request a jury. The jurisdiction of the district court is exclusive and its judgment is final, subject to further appeal to the supreme court.

NMSA 1978, § 28–1–13.

The district court ruled that the jury must listen to the entire taped transcript of the commission hearing prior to the introduction of additional relevant evidence. The court apparently relied on our decision in *Keller v. City of Albuquerque*, 85 N.M. 134, 509 P.2d 1329 (1973).[1] Because we find no statutory requirement that on trial de novo the jury or the judge must hear the transcript of the proceedings before the commission, we overrule any suggestion in *Keller* to the contrary and grant the relief Green has requested.

In *Keller*, this Court first construed the role of the district court under NMSA 1953, Section 4–33–12 (Supp.1971) (recompiled as NMSA 1978, Section 28–1–13). The appellants contended the district court erred in rejecting their conclusion of law that would have limited the court's standard of review to whether the commission acted arbitrarily, capriciously, or fraudulently. We considered the import of the term "trial de novo" used together with the statutory right to a jury trial.

In construing the term "trial de novo" the *Keller* Court canvassed the various New Mexico statutory formulations concerning judicial review of agency decisions. Although no New Mexico statute contained language identical to Section 28–1–13, the Court observed that the many variations had been interpreted by the courts of this state not to alter the traditional standard of review of agency decisions. Only when read in conjunction with the language creating the right to a jury trial could the Statute be said to contemplate more than review under the arbitrary and capricious standard.

After defining a trial by jury to include a "full and fair hearing upon all relevant issues where all questions of fact presented by the testimony are decided by the jury in accordance with the principles of law," *Keller*, 85 N.M. at 137, 509 P.2d at 1332 (quoting *New England Novelty Co. v. Sandberg*, 315 Mass. 739, 54 N.E.2d 915, 919 (1944)), the Court concluded that "the district court has the right to make an independent determination of the facts from the record in the case and such additional relevant evidence as may be presented, and that the general rule * * * [that agency decisions are to be reviewed under the arbitrary and capricious standard] is not applicable." *Keller*, 85 N.M. at 138, 509 P.2d at 1333. In addition, the Court opined that "the statute *requires* an independent review of the facts by the jury upon the record made in the hearing before the Commission, and such additional relevant evidence as may be presented by the parties." *Id.* at 137, 509 P.2d at 1332 (emphasis added).

We disagree with the *Keller* Court's view of the role of the record in the trial de novo contemplated by Section 28–1–13. In reviewing the operative statutory language, we fail to perceive any limitation on the scope of the trial to the record from the proceedings below. Indeed, the import of Subsection (A) that provides for a "trial de novo,"[2] construed in conjunction with Sub-

1. The ruling by the trial court does not clearly state the reasons why the court required the jury to hear the taped transcript, but the briefs of both parties make clear that the dispute below concerned language in *Keller* that purported to require review of the transcript at the trial de novo. Such requirement is the issue we address today.

2. Review of other New Mexico statutes that employ the term "trial de novo," reveals that the legislature construes that term to mean "trial

anew." Section 39–3–1 which prescribes the process for appeal to the district court from inferior tribunals is entitled "Appeals to district court; trial de novo." NMSA 1978, § 39–3–1 (Repl.Pamp.1991). The text of that Section states that such action shall be "tried anew in said courts on their merits, as if no trial had been had below." *Id.*

The distinction between trial de novo and a trial on, or review of, the record is implicitly recognized in NMSA 1978, Section 40–4B–8

section (C) which makes available a jury trial, is that the legislature intended to grant the aggrieved party a full evidentiary hearing, not limited to or constrained by the transcript of the commission hearing.

Limiting the proceedings to the transcript in many cases would eviscerate a critical component of the jury's truth finding function—the jury's ability to determine the credibility of witnesses from live testimony. On the other hand, requiring the jury first to review the entire transcript before hearing the same testimony from witnesses, a procedure perhaps contemplated by *Keller*, is duplicative and burdensome.

True, Subsection (B) requires the division to file with the district court such portions of the transcript of the record as the parties shall designate. That Subsection merely describes the procedure for submitting a transcript deemed by the parties to

be necessary for an appeal. It cannot be read to require the district court to review the transcript.[3] To hold that the legislature intended anything less than a full evidentiary hearing—a trial anew—would read unwarranted limitations into the otherwise clear command of Section 28–1–13. Accordingly, we grant the relief Green has requested and remand to the trial court for proceedings consistent with this opinion.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.

---

(Repl.Pamp.1989), which describes the procedures for obtaining judicial review of a decision of the child support hearing officer. Subsection (C) makes a distinction between review "de novo" and review "on the record." Under review on the record, Subsection (D) permits reversal of the decision of the hearing officer only if the decision is arbitrary, capricious, or an abuse of discretion; not supported by substan-

tial evidence; or not otherwise in accordance with the law. *See also* NMSA 1978, § 72–7–1(E) (Repl.Pamp.1985) (proceeding on appeal from state engineer "shall be de novo as cases originally docketed in the district court").

3. The transcript, of course, is not without purpose. It may be used to impeach testimony at trial or for any other evidentiary purpose.