This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**EUGENE D. DOWNER, Jr.,**

Plaintiff-Appellant,

v.                                                                      **NO. 30,602**

**NEW MEXICO CORRECTIONS**
**DEPARTMENT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Eugene D. Downer, Jr.
Cloudcroft, NM

Pro se Appellant

Sandenaw Law Firm, P.C.
CaraLyn Banks
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff appeals from the district court's order granting summary judgment in favor of Defendant and dismissing his appeal. We issued a calendar notice proposing summary reversal. Defendant has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore reverse.

This is an appeal from a decision of the Human Rights Commission (HRC) taken pursuant to Rule 1-076 NMRA. In order to appeal from the HRC's order finding no probable cause, Plaintiff was required to file a notice of appeal in district court in the form of a civil complaint within ninety days from the date of service of the HRC's order. *See* NMSA 1978, Section 28-1-13(A) (2005); *see also* Rule 1-076(B), (D). The district court determined that Plaintiff did not timely file his notice of appeal and dismissed in part on that basis.

We review the order dismissing the appeal as an order granting summary judgment because the district court considered matters outside the pleadings in granting the motion. [RP 691-700] *See Sanchez v. Church of Scientology*, 115 N.M. 660, 664, 857 P.2d 771, 775 (1993) (stating that the appellate court analyzes a motion to dismiss as a summary judgment motion when matters outside the pleadings are considered). "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v.*

*United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "We review these legal questions de novo." *Id.*

In his arguments before the district court on this issue, Plaintiff argued that the ninety-day requirement for filing notice of appeal is not triggered until the decision from the HRC is received, regardless of when it was mailed. [DS 3-4; RP 519] In his response to the motion to dismiss, Plaintiff submitted the determination of no probable cause letter he received from the Department of Workforce Solutions, which states that he has ninety days from *receipt* of the letter to appeal to the district court. [RP 596-598]

We hold that this evidence and Plaintiff's argument before the district court that the time limit in which to file the appeal began to run on the date he received the notice was sufficient to preclude summary judgment on the issue of the timeliness of the appeal. *See Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 20, 135 N.M. 539, 91 P.3d 58 (reversing the district court's grant of summary judgment based on a late notice of appeal in a Rule 1-076 appeal where the plaintiff argued that the time period for filing the notice of appeal did not begin to run until actual receipt of the decision and there was evidence from which a trier of fact could find that the actions of the HRC tolled the time limits).

In its memorandum in opposition, Defendant continues to assert that the appeal

procedure clearly establishes that the date of service is the date the decision is mailed. [MIO 2-5] However, for the reasons stated in our calendar notice, we disagree. Additionally, even if we accept Defendant's contention, we believe that Plaintiff's evidence that the HRC misinformed him that he had ninety days from receipt of the letter to file his notice of appeal, coupled with his arguments to the district court, was sufficient to preclude summary judgment on the issue. *See id.*

Below, the district court alternatively granted summary judgment to Defendant on the merits. This was improper because Defendant's motion to dismiss did not state a valid legal basis for the district court to grant summary judgment. The motion was insufficient to meet the requirements of Rule 1-056 NMRA, because it cites to the wrong standard of review, and it does not state a legally sufficient basis for granting summary judgment. [RP 241-246] *See id.* (stating that the movant must establish that it is entitled to judgment as a matter of law).

Defendant responds in its memorandum in opposition that, despite its citation to an erroneous standard of review in its motion to dismiss, the motion identified the correct legal basis for granting the motion because it argued that Plaintiff would not be able to make a prima facie showing as a matter of law, identified the elements of the discrimination and retaliation claims, and supplied the district court with the record before the administrative agency. [MIO 9-10]

We disagree. Based on our review of the record, we see nowhere in the motion to dismiss where Defendant cites to the correct legal standard in its argument on the merits of Plaintiff's appeal. Rather, after citing to the standard of review for administrative agency decisions rather than the applicable de novo review, Defendant argues throughout the motion that HRC's decision should be affirmed based on that standard of review. In the final paragraph of the motion, Defendant again asserts that the district court is limited to reviewing the evidence presented to the administrative agency, and states that any evidence or additional discovery that Plaintiff might present was irrelevant to the district court's review of the HRC's decision. [RP 245] *See* § 28-1-13(A) (stating that a person aggrieved by an order of the commission may obtain trial de novo in district court); *see generally Linton v. Farmington Mun. Schs.*, 86 N.M. 748, 749-50, 527 P.2d 789, 790-91 (1974) (noting the broader scope district court review of appeals brought under the Human Rights Act compared to those brought under the Administrative Procedures Act). We therefore reject Defendant's argument that the substance of the motion cited to the correct legal standard.

We also reject Defendant's argument that Plaintiff's act of attaching evidence to his response to the motion to dismiss indicated that "Plaintiff understood that he needed to submit evidence to establish that he was entitled to bring a claim for age and gender discrimination." [MIO 12] Defendant's motion to dismiss explicitly and

incorrectly states that any evidence Plaintiff might submit would be entirely irrelevant to the district court's review of the issue. [RP 245] Under these circumstances, we decline to make inferences and speculate regarding Plaintiff's understanding of the proceedings in order to salvage Defendant's legally insufficient summary judgment motion. We therefore decline to treat Defendant's motion to dismiss as a summary judgment motion, even thought the district court considered matters outside the pleadings in deciding the motion.

In its memorandum in opposition, Defendant continues to assert that it subsequently cited to the correct standard of review in its reply in support of its motion to dismiss. [MIO 10-11] However, for the reasons stated in our calendar notice, we disagree that this was sufficient to allow Plaintiff an opportunity to respond or to prevent prejudice.

We therefore reverse the district court and remand the case for further proceedings.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

6

_____

**ROBERT E. ROBLES, Judge**