STATE V. GARIBAY

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**SERGIO GARIBAY,**
**Defendant-Appellant.**

NO. A-1-CA-37526

COURT OF APPEALS OF NEW MEXICO

February 11, 2019

APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY, Jennifer E. DeLaney, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER A. ATTREP, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Defendant appeals his conviction of criminal damage to property and aggravated battery. [DS 2; MIO 1] In his docketing statement, Defendant challenged the sufficiency of the evidence, the denial of a motion for reduction of sentence, and asserted a claim

of ineffective assistance of counsel. [DS 6] This Court issued a notice of proposed summary disposition, proposing to affirm. [CN 7] Defendant has filed a memorandum in opposition to that proposed disposition.

**{2}**     In that memorandum, Defendant continues to assert that the trial evidence was insufficient to support his conviction, the district court should have reduced his sentence, and that he received ineffective assistance of counsel. [MIO 3, 5, 6] Having duly considered Defendant's memorandum, we are unpersuaded. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition), *superceded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     In asserting that the trial evidence was insufficient, Defendant continues to rely upon his own testimony that he was acting in self-defense. In doing so, Defendant now directs our attention to *State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930, which explained that "evidence from which a proposition can be derived only by speculation among equally plausible alternatives is not substantial evidence of the proposition." (alteration, internal quotation marks and citation omitted). We do not agree, however, that the jury was required to speculate among "equally plausible alternatives" in this case; instead, the State offered evidence to support each element of the offense charged and Defendant also testified that he was acting in self-defense. Rather than requiring the jury to speculate, the evidence in this case simply required the jury to determine where, as between those two contradictory accounts, the truth lie. And that has long been the fundamental function of a jury: "to decide where the truth lies." *Westbrook v. Lea Gen. Hosp.*, 1973-NMCA-074, ¶ 10, 85 N.M. 191, 510 P.2d 515; *see State v. Alberico*, 1993-NMSC-047, ¶ 84, 116 N.M. 156, 861 P.2d 192 (noting that whether a witness is telling the truth "is for the jury to decide"); *Green v. Kase*, 1992-NMSC-004, ¶ 7, 113 N.M. 76, 823 P.2d 318 (describing a jury's role in determining the credibility of witnesses as "a critical component of the jury's truth finding function"); *State v. Gilbert*, 1933-NMSC-059, ¶ 6, 37 N.M. 435, 24 P.2d 280 (affirming the conviction of a defendant "in the unfortunate position of having failed to impress the jury with the truth of his claim of self-defense").

**{4}**     Defendant also continues to assert that the district court abused its discretion by not reducing his sentence. We note, however, that it has long been the law in New Mexico that the district court does not abuse its discretion by imposing a sentence that is authorized by law. *See State v. Augustus*, 1981-NMCA-118, ¶ 7, 97 N.M. 100, 637 P.2d 50 (explaining that, "there being no claim that the sentence was not in accordance with law, the trial court did not abuse its discretion in imposing a lawful sentence upon [the] defendant").

**{5}**     And, finally, Defendant continues to assert that he received ineffective assistance of counsel because some sort of evidence dealing with his victim's behavior was not offered at trial. [MIO 6-7] As pointed out in our notice of proposed summary disposition,

this issue was not developed below, meaning that it is not preserved for appeal and also that facts surrounding counsel's trial strategy do not appear in the record. [CN 4-6] There are, for instance, no facts currently before this Court upon which we could base an assessment of whether trial counsel's decisions were the result of a reasonable trial strategy. Similarly, we have no indication whether trial counsel expected the evidence at issue to be admissible, or what evidence the State could have offered in rebuttal. As our proposed disposition pointed out, "facts bearing directly upon trial counsel's strategic decisions or communications between counsel and client will not generally appear in the record." [CN 6]

{6}     Fortunately, evidence related to such questions can generally be considered by way of proceedings pursuant to Rule 5-802 NMRA and that is "the preferred avenue for adjudicating ineffective assistance of counsel claims." *Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466. Indeed, "habeas corpus is specifically designed to address such post-conviction constitutional claims and is the procedure of choice in this situation." *Id.* If Defendant believes he can demonstrate ineffectiveness if given the opportunity to present evidence at a hearing, he remains free to do so pursuant to that rule.

{7}     Thus, for the foregoing reasons as well as those stated in our notice of proposed summary disposition, we affirm the judgment and sentence of the district court without prejudice to Defendant's opportunity to pursue a claim of ineffective assistance of counsel in post-conviction proceedings.

{8}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER A. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**