This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38287**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**OLIVIA WRIGHT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals her convictions of forgery and fraud, challenging the sufficiency of the evidence to support her convictions. This Court issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** Defendant's memorandum continues to assert that the State's evidence in this case was insufficient to establish that Defendant was aware a check she presented at a grocery store was a false check. [MIO 5] That memorandum points out that she "openly

cashed the check in an establishment where she was well-known" and that there was nothing on the face of the check to indicate that it "was not what it purported to be." [MIO 3] As we explained in our notice of proposed disposition, however, a defendant's knowledge and intent are generally proven by circumstantial evidence. [CN 3]

**{3}** It has long been the fundamental function of a jury to decide "where the truth lies." *Westbrook v. Lea Gen. Hosp.*, 1973-NMCA-074, ¶ 10, 85 N.M. 191, 510 P.2d 515; *State v. Alberico*, 1993-NMSC-047, ¶ 84, 116 N.M. 156, 861 P.2d 192 (noting that whether a witness is telling the truth "is for the jury to decide"); *Green v. Kase*, 1992-NMSC-004, ¶ 7, 113 N.M. 76, 823 P.2d 318 (describing a jury's role in determining the credibility of witnesses as "a critical component of the jury's truth finding function"); *see also State v. Gilbert*, 1933-NMSC-059, ¶ 6, 37 N.M. 435, 24 P.2d 280 (affirming the conviction of a defendant "in the unfortunate position of having failed to impress the jury with the truth of his claim").

**{4}** Thus, on appeal, "evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (explaining that an appellate court does not "substitute its judgment for that of the fact[-]finder"). As a result, when the evidence supports more than one reasonable finding, "one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393.

**{5}** For the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**