432 P.2d 833

**M. M. HARDIN, d/b/a Park Plaza Apartments, Plaintiff-Appellee,**

**v.**

**STATE TAX COMMISSION of the State of New Mexico, Defendant-Appellant.**

**No. 8384.**

Supreme Court of New Mexico.

Oct. 23, 1967.

Boston E. Witt, Atty. Gen., John B. Speer, Sp. Asst. Atty. Gen., Santa Fe, for appellant.

W. A. Keleher, T. B. Keleher, William J. Bingham, Albuquerque, for appellee.

## OPINION

NOBLE, Justice.

The owner of the Park Plaza, a high-rise, luxury apartment building in Albuquerque, appealed the county assessor's valuation of $2,657,000.00 to the county board of equalization. The refusal of the county board to lower the valuation was then appealed to the state tax commission pursuant to Sec. 72–6–13.1, N.M.S.A.1953. The tax commission's order affirming the valuation fixed by the county assessor was then appealed to the district court where findings of fact and conclusions of law were made reversing the tax commission and concluding that the actual market value of the property for the year 1966 was $1,850,000.00. The tax commission now appeals to this court pursuant to Sec. 72–6–13.8, N.M.S.A.1953.

■ It is well established that a district court may not, on appeal, substitute its judgment for that of the administrative body, but is restricted to whether, as a matter of law, the administrative body acted fraudulently, arbitrarily or capriciously; whether the administrative order is substantially supported by evidence; and, generally, whether the action of the administrative body was within the scope of its authority. Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646, and authorities there collected. This court, in reviewing the district court's judgment, must, in the first instance, make the same review of the administrative agency's action as did the district court. Reynolds v. Wiggins, 74 N.M. 670, 397 P.2d 469. Our review of the record before the state tax commission leads us to agree with the commission's disposition of the valuation.

■ Section 1, article VIII of the State Constitution, requires taxes levied upon tangible property to be in proportion to the value thereof. See, also, Sec. 72–6–12.1, N.M.S.A.1953. The term "value" has been variously defined. See 3 Cooley, Taxation, Sec. 1146 (4th Ed.); Mayor, etc., of City of Chattanooga v. Railroad Co., 75 Tenn. (7 Lea) 561 (1881) and Port Arthur Independent School Dist. v. Baumer, 64 S.W. 2d 412 (Tex.Civ.App.1933). Generally the "reasonable cash market value" reflected by sales of comparable property is to be used if there have been such sales. See Harlingen Independent School Dist. v. Dunlap, 146 S.W.2d 235, 237 (Tex.Civ.App. 1940) and Rowland v. City of Tyler, 5 S.W. 2d 756 (Comm.App.Tex.1928). However, the record makes it clear that "value" of this apartment building could not be arrived at on the basis of comparable sales. In situations where, for one reason or another, property has no such "market value," earning capacity, cost of reproduction and original cost less depreciation furnish proper criteria for consideration in determining value. See 3 Cooley, Taxation, Sec. 1145 (4th Ed.); People ex rel. Powers v. Kalbfleisch, 25 App.Div. 432, 49 N.Y.S. 546; Somers v. City of Meriden, 119 Conn. 5, 174 A. 184, 95 A.L.R. 434; Alfred J. Sweet, Inc. v. City of Auburn, 134 Me. 28, 180 A. 803, 104 A.L.R. 784; Annots., 104 A.L.R. 790 and 96 A.L.R.2d 666.

It is agreed that the commission's method of computing value on the basis of the anticipated earnings of the apartments was a correct approach to the problem. Counsel for the property owner argues, however, that in applying that method, the tax commission should have used a shorter useful life of the building and should not have reduced certain costs of operation in arriving at net projected income.

It is first argued that an economic life of 33 years, as estimated by an appraiser who testified as an expert before the commission, and the 1966 costs of operation substantially support the trial court's valuation of $1,850,000.00. The tax commission was not, however, forced to accept an expert's testimony in its totality. Opinion evidence is admissible on the theory that it may aid the fact finder to understand the problem and lead to a correct result, but opinions of experts may be disregarded by the fact finder. Lopez v. Heesen, 69 N.M. 206, 365 P.2d 448; Seal v. Blackburn Tank Truck Service, 64 N.M. 282, 327 P.2d 797. There was other credible evidence of an economic life of the building of as much as 55 years. The tax commission adopted a life of 40 years—the term of the F.H.A. loan. There was likewise testimony that certain legal and advertising expenses paid out in the first months of 1966 would not recur.

The projected annual net income from the building, arrived at by the tax commission, was $239,000.00, to which was applied a capitalization rate of 10%, thus reaching a value of $2,390,000.00. The property owner contends that even should we accept the commission's projected annual net income as correct, the commission was bound to accept a capitalization rate of 10.7% because that was the only rate testified to by any witness. The higher capitalization rate argued for would result in a lower value for the property. An analysis of the appraiser's testimony in this respect, however, discloses that he reached his conclusion by adding 6% as interest on invested capital, plus 1.7% to cover real estate taxes, and an additional 3% for return of capital. The figure of 3% for return of capital was based on an economic life of the building of 33⅓ years.

The commission determined the life of the building to be 40 years and, accordingly, a return of capital of only 2.5% is justified. A further reduction of the capitalization rate by taking into account the interest earned by the money during the period of its return was similarly fully justified. Accordingly, we deem the capitalization rate applied by the commission to be substantially supported by the evidence. See, for comparative rates, Annot., 96 A.L.R.2d 666 at 716.

To the value of the building, $2,390,000.00, the commission added $292,000.00 as the value of the land, equipment and furnishings, making a total of $2,682,000.00, or $25,000.00 more than the $2,657,000.00 valuation fixed by the assessor and affirmed by the commission.

The filing of a notice of appeal, following a final judgment, divests the district court of jurisdiction except for the purposes specifically mentioned in State v. White, 71 N.M. 342, 378 P.2d 379, and National American Life Ins. Co. v. Baxter, 73 N.M. 94, 385 P.2d 956. The order of the district court permitting payment of taxes on the basis of a valuation of $1,850,000.00, entered subsequent to the appeal herein, is accordingly invalid and has no force or effect.

From what has been said, it is obvious that the decision of the court was error. The judgment appealed from must be reversed and the cause remanded with instructions to vacate the judgment and any orders supplemental thereto and to enter a new judgment not inconsistent with what has been said.

It is so ordered.

CHAVEZ, C. J., and MOISE, COMPTON and CARMODY, JJ., concur.