455 P.2d 185

Raymond PEREZ, et al., Plaintiffs-Appellees,

v.

David VELASQUEZ, County Assessor of Guadalupe County, New Mexico, Defendant-Appellant.

Georgia E. ABERCROMBIE, et al., Petitioners-Appellees,

v.

Carlos E. PADILLA, County Treasurer of Guadalupe County, New Mexico, Respondent-Appellant.

Martha A. ARMSTRONG, et al., Petitioners-Appellees,

v.

Carlos E. PADILLA, County Treasurer of Guadalupe County, Respondent-Appellant.

No. 8626.

Supreme Court of New Mexico.
June 2, 1969.

Donald A. Martinez, Las Vegas, for appellant.

John B. Speer, Albuquerque, amicus curiae.

Modrall, Seymour, Sperling, Roehl & Harris, James P. Saunders, Jr., John R. Cooney, Allen C. Dewey, Albuquerque, for appellees.

## OPINION

TACKETT, Justice.

There are three cases numbered 6532, 6562 and 6595, Guadalupe County, which are before this court on an appeal from a judgment of the district court. These cases were consolidated for trial and appeal purposes and were filed by owners of grazing lands in that county. Number 6532 was filed against the county assessor to enjoin him from increasing the valuation for tax purposes of grazing lands from $1.50 to $2.00 per acre and for a declaratory judgment. Cases numbered 6562 and 6595 were filed for refund of real property taxes paid under protest. District Judge Dee C. Blythe presided under designation of this court and rendered judgment for the plaintiffs in all three cases. Thus, the ensuing appeal by defendants.

Appellants allege, among others, the following pertinent assignments of error:

"II. THE NEW MEXICO STATE TAX COMMISSION'S GENERAL ORDER NUMBER 10, DATED NOVEMBER 15, 1965, WAS A VALID COMPLIANCE WITH SECTION 72-6-8, N.M.S.A., 1953.

"III. THE INCREASE IN THE VALUATION OF APPELLEES' PROPERTY WAS NOT SO EXCESSIVE AS TO BE CONSTRUC-

TIVELY FRAUDULENT OR DISCRIMINATORY, NOR WERE THE TAXES ILLEGALLY OR ERRONEOUSLY ASSESSED AND COLLECTED.

"IV. THE DETERMINATION OF GRAZING CAPACITY MADE BY THE ASSESSOR WAS DONE IN GOOD FAITH, AND WAS NOT ARBITRARY, CAPRICIOUS OR WHIMSICAL AND THE TRIAL COURT WAS WITHOUT AUTHORITY TO SUBSTITUTE ITS JUDGMENT FOR THAT OF THE TAXING AUTHORITY."

■ We will first discuss point II, relative to the New Mexico State Tax Commission's General Order No. 10, dated November 15, 1965, which is as follows:

"IN THE MATTER OF GRAZING LAND VALUES FOR THE YEAR 1966

"The State Tax Commission, having considered all data available to it, and being in all things touching on this matter fully informed, now determines the assessed value of grazing lands on the basis of CARRYING CAPACITY.

CARRYING CAPACITY TO BE DETERMINED ON LONG TERM AVERAGE RATHER THAN ON INDIVIDUAL YEAR.

GRAZING LANDS TO BE ASSESSED AT THE RATE OF ELEVEN (11¢) PER ACRE PER ANIMAL UNIT ANNUAL CARRYING CAPACITY PER SECTION (640 Acres) OF LAND. FIVE SHEEP, ONE COW, OR ONE HORSE SHALL BE EQUIVALENT TO ONE ANIMAL UNIT FOR PURPOSES OF DETERMINING CARRYING CAPACITY.

EXAMPLE:

Step 1: Determine the animal unit carrying capacity per section.

Step 2: Multiply that carrying capacity by 11¢. The result will be the assessed value per acre.

(If carrying capacity per section is 14 animal units, multiply 14 times 11¢—assessed value per acre being $1.54).

ASSESSORS SHOULD BE GUIDED BY THE ATTACHED ARTICLE WHEN LAND IS WORTH MORE THAN THE GRAZING VALUE.

BY ORDER OF THE STATE TAX COMMISSION, this 15th day of November, 1965."

Section 72–6–8, N.M.S.A., 1953 Comp., is as follows:

"At the session herein provided to be held on the third Monday of November annually the state tax commission shall determine and fix valuations for tax purposes, of the different classes of livestock and of the different classes of grazing lands for the ensuing year, and such valuations, when duly certified to the tax assessors, shall be taken and used as valuations for assessment purposes."

Under this section it is the duty of the tax commission, as provided in its General Order No. 10, supra, to determine the rate per acre per animal unit, and the assessor is to determine the carrying capacity per section. General Order No. 10, supra, merely gave an example or guide to be used by the assessor in determining the carrying capacity for the year 1966.

■ The assessor determined that the carrying capacity of the land in Guadalupe County was 18 units per section and it was the assessor's duty to make the assessment and determine the value of each particular class or classes of land in which the taxpayer will fall. However, the assessor was also obligated to apply the formula of 11¢ per acre per animal unit carrying capacity per section of land, as set forth in General Order No. 10, supra.

■ The trial court found that the tax commission had not complied with the duties imposed by § 72–6–8, supra, which, in our opinion, is not a proper interpretation of that statute as it existed in 1966. It was the duty of the state tax commission to

fix the values for the different classes of grazing land, and to certify these values to the assessor for his determination of the carrying capacity.

It is apparent that the assessor's determination of the carrying capacity of the lands in Guadalupe County was done in good faith and was neither arbitrary, capricious nor whimsical.

■ 3 Cooley, Law of Taxation, 4th Ed., § 1138 at 2293 (1924) states:

"The assessor, in valuing property, must apply his own knowledge and exercise his own judgment. He need not hear evidence * * *."

And in § 1144 at 2299–2300:

"* * * Value is a matter of opinion, and when the law has provided officers upon whom the duty is imposed to make the valuation, it is the opinion of those officers to which the interests of the parties are referred. The court cannot sit in judgment upon their errors, or substitute its own opinion for the conclusions the officers of the law have reached. * * *"

■ Appellees contend that the assessments are so excessive as to be constructively fraudulent, citing In re Taxes Assessed Against Property of Scholle, etc., 42 N.M. 371, 78 P.2d 1116 (1938); however, in that case this court stated:

"* * * The trial court concluded that there was no such discrimination against Scholle as would warrant interference by the court; that there was no systematic and intentional discrimination or fraud perpetrated by the assessing authorities. * * *"

Also in Scholle, this court quoted from South Spring Ranch & Cattle Co. v. Board of Equalization, 18 N.M. 531, 572, 139 P. 159, 174 (1914), as follows:

"* * * 'So long as the taxpayer is not assessed more than the law provides, and in the absence of some well-defined and established scheme of discrimination, or some fraudulent action, he has no cause of complaint, and the courts have

no power to review the action of the various taxing agencies established by law.' "

There is a 1968 Kansas case, Cities Service Oil Company v. Murphy, 202 Kan. 282, 447 P.2d 791, in which that court stated:

"Generally, the function of a court in such matters of assessment is to make certain that a taxpayer has the benefit of the honest judgment of the assessing officers and unless the assessment is so out of proportion as to give reasonable assurance that officers could not have been honest in fixing the valuation, interference by courts is not justified. Courts will not substitute their judgment for that of the assessing authority in the absence of fraud, or conduct so oppressive, arbitrary or capricious as to amount to constructive fraud."

■ The record in the case before us does not reveal, as contended by appellees, that the assessor acted fraudulently, arbitrarily or capriciously in increasing the carrying capacity on the ranch lands in Guadalupe County.

In Skinner v. New Mexico State Tax Commission, 66 N.M. 221, 345 P.2d 750, 76 A.L.R.2d 1071 (1959), it is stated:

"In New Mexico, it has long been the rule that a taxpayer who is not assessed more than the law provides has no cause for complaint in the courts in the absence of some well-defined and established scheme of discrimination or some fraudulent action. [Citations] * * *"

The Skinner case also states:

"* * * [T]here is a presumption that tax officials will do their duty in accordance with the law and not act unfairly or arbitrarily regarding the assessment of property * * *."

See cases there collected.

The record reveals that under General Order No. 10, supra, the assessor determined the carrying capacity at 18 animal units per section. The 11¢ per acre assessed valuation by the tax commission was multiplied by 18 animal units per section

equalling $1.98, which figure was rounded off to a $2.00 valuation placed on grazing lands in Guadalupe County. The record also reveals that there was a wide variance in the testimony with respect to the carrying capacity of grazing lands in Guadalupe County and it could have been, based on the evidence, anywhere from 10-to-30-head carrying capacity.

The record further reveals that Mr. Webb, an agent for some of the taxpayers, made renditions for assessment purposes and was advised by the county assessor that the rate for 1966 would be $2.00, to which Mr. Webb objected and kept the copies of the assessment notices which ordinarily would have been returned to the taxpayers by the assessor. Appellees contend that the taxpayers had no notice of the increase in the carrying capacity on grazing lands, which contention is without merit, as it is elementary that notice to Webb was notice to the taxpayer for whom he was acting as agent.

It is apparent that the trial court substituted its judgment for that of the taxing authorities and attempted to reassess the property in lieu of the assessment made by the taxing authorities. This it cannot do. In re Blatt, 41 N.M. 269, 67 P.2d 293 (1937); Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967).

For the reasons above stated, it is unnecessary to consider the moot and other points raised by appellants and appellees.

The case is reversed and remanded to the trial court with instructions to vacate the judgment heretofore entered; to enter a new judgment in cause No. 6532 dismissing the temporary injunction and holding the assessments valid; and to enter a judgment in causes Nos. 6562 and 6595 denying the relief sought.

It is so ordered.

NOBLE, C. J., COMPTON, J., and E. FORREST SANDERS, D. J., concur

WATSON, J., not participating.