506 P.2d 794

PROPERTY APPRAISAL DEPARTMENT,
Appellant,

v.

Richard E. RANSOM et al., Appellees.

No. 982.

Court of Appeals of New Mexico.

Jan. 26, 1973.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for appellant.

Albert T. Ussery, Calvin Hyer, Jr., Ussery, Burciaga & Parrish, Albuquerque, for appellees.

OPINION

WOOD, Chief Judge.

The appeal is concerned with the valuation of land for tax purposes. The two issues are: (1) classification of subdivided agricultural land for purpose of the property tax and (2) difference between actual value and assessed value.

This appeal is the fifth step in the valuation proceeding and the fourth reviewing step in arriving at the taxable valuation. The briefs agree that the County Assessor valued the land, and that the property owners took an unsuccessful appeal to the County Board of Equalization. Section 72-2-38, N.M.S.A.1953 (Repl.Vol. 10, pt. 2). The property owners then appealed to the Property Appraisal Department. See §

72–2–38, supra, § 72–25–3, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971), and § 72–6–13.1, N.M.S.A.1953 (Repl.Vol. 10, pt. 2).

The Property Appraisal Department held an evidentiary hearing. It then entered special orders which upheld the prior valuation of the property and directed that the property be placed on the assessment rolls at 33⅓% of actual value. See § 72–6–13.7, N.M.S.A.1953 (Repl.Vol. 10, pt. 2).

The property owners protested the Department's decision. The protest was heard by the Property Appeal Board. Section 72–25–10, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). The Appeal Board set aside the special orders of the Department and ordered the application of an assessed value to the property which was substantially less than the valuation determined by the Assessor, the Board of Equalization and the Department.

The Department appeals directly to this court from the Decision of the Appeal Board. Section 72–25–19, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971).

*Classification of subdivided agricultural land.*

None of the findings of the Appeal Board are challenged. Those findings establish the following:

The property involved is located within Los Poblanos Estates which is a subdivision in Bernalillo County. The land of each of the property owners, with the exception of one-acre residential sites, meets the criteria for agricultural use of land set forth in our "Green Belt" law. The land, and like subdivided land used in the same manner as that of the property owners, has an actual value of $5000.00 per acre. Like unsubdivided land used in the same manner as that of the involved property owners (some of which is just across the road from the property owners' land), has an actual value of $4000.00 to $4500.00 per acre. The assessed value of the property owners' land is $1,667.00 per acre; that of like unsubdivided land has an assessed value of $167.00 per acre.

The contentions in this appeal do not involve the actual land values found by the Appeal Board. The contentions involve the assessed valuation of that land for tax purposes. Throughout the various steps in the process, the taxing authorities have arrived at assessed value by applying a ratio to the actual value of the land involved. Throughout, the property owners have taken the position that their agricultural land should have an assessed valuation similar to unsubdivided agricultural land. The difference in view centers on the difference between subdivided agricultural land and unsubdivided agricultural land.

The "Green Belt" law, Laws 1967, ch. 85, appears at §§ 72–2–14.1 through 72–2–14.4, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). Section 72–2–14.1, supra, provides: "For assessment purposes the value of unsubdivided land . . . used primarily and principally for agriculture . . . shall be based on the capacity of the land to produce agricultural products." With the exception of the one-acre sites attributed to the residences of the property owners, the land involved was found by the Appeal Board to meet the definition of agricultural use of land in § 72–2–14.1, supra. The property owners argue a legislative intention that their agricultural land be assessed as provided in § 72–2–14.1, supra. We disagree. Section 72–2–14.1, supra, pertains to unsubdivided land. The agricultural land involved in this appeal is within a subdivision. By its terms, the "Green Belt" law is inapplicable.

The property owners also assert that if their subdivided agricultural land is to have an assessed valuation for tax purposes different than unsubdivided agricultural land then the "Green Belt" law is unconstitutional on various grounds. Since the "Green Belt" law is inapplicable under the facts of this case, we do not consider the constitutionality of that law.

The property owners contend their agricultural land should have the same assessed per acre valuation of other agricultural land in Bernalillo County. Support for

this view appears in two of the findings of the Appeal Board. It found that four to five thousand parcels of unsubdivided, irrigated, agricultural land in Bernalillo County are "uniformly assessed at $167.00 per acre." It also found, as previously pointed out, that like unsubdivided land used in the same manner as the land of the property owners, carries an assessed valuation of $167.00 per acre. The property owners state the assessed valuation of their land should be the same as the assessed valuation of other Bernalillo County agricultural land.

The answer lies in a finding of the Appeal Board. It found: "That the practice exists in Bernalillo County among County officials of first arriving at assessed value of agricultural land at $167.00 per acre irrespective of the actual value, and such practice is inequitable, unfair, and discriminatory as a matter of fact."

N.M.Const. Art. VIII, § 1 provides that taxes levied on tangible property are to be in proportion to the value thereof. Considering the meaning of "value" in this constitutional provision, Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967) states: ". . . Generally the 'reasonable cash market value' reflected by sales of comparable property is to be used if there have been such sales. . . . In situations where, for one reason or another, property has no such 'market value,' earning capacity, cost of reproduction and original cost less depreciation furnish proper criteria for consideration in determining value. . . ." Compare Kaiser Steel Corp. v. Property Appraisal Dept., 83 N.M. 251, 490 P.2d 968 (Ct.App. 1971).

The evidence before the Appeal Board as to "market value," both of the Los Poblanos tracts involved in this appeal and comparable unsubdivided agricultural land, either matched or exceeded the "actual value" found by the Appeal Board. Thus, in this appeal, the "actual value" found by the Appeal Board may be equated with the "market value" requirement of Hardin v.

State Tax Commission, supra. See Board of Equalization v. Heights Real Estate Co., 74 N.M. 101, 391 P.2d 328 (1964).

■ The above quoted finding of the Appeal Board is to this effect—Bernalillo County arrives at an assessed value to agricultural land without regard to the constitutional requirement of value, and this practice is unfair and discriminatory. The property owners' position is that they wish to be a part of an unfair and discriminatory practice. We decline to apply unfair and discriminatory practices to the property owners since the result would be contrary to N.M.Const. Art. VIII, § 1.

The property owners invoke N.M.Const. Art. VIII, § 1 in support of their contention that all agricultural land should be given like treatment for tax purposes. The constitutional provision reads:

"Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class. . . ."

The contention is that agricultural land is a class and therefore all agricultural land must be given equal and uniform treatment; that if the treatment is unequal, due process is violated. The view that agricultural land is a class for tax treatment different from other land, according to the testimony, stems from the "Green Belt" law. The testimony is that land, whether or not agricultural, was assessed on the basis of market value prior to enactment of the "Green Belt" law. Since, under that law, the value of unsubdivided agricultural land is to be based on the capacity of the land to produce agricultural products (§ 72-2-14.1, supra), the argument is that all agricultural land should, under N.M.Const. Art. VIII, § 1, be valued on the same basis.

We assume (but do not decide) that agricultural land is a proper classification for tax purposes under our Constitution. The question is whether that classification may be further refined to distinguish between

subdivided and unsubdivided agricultural land.

We hold that a distinction between subdivided and unsubdivided agricultural land, for tax purposes, does not offend N.M. Const. Art. VIII, § 1 and does not violate due process. "Subdivide", according to Webster's Third New International Dictionary (1966), means "to divide (a tract of land) into building lots." Compare the definition of subdivide in § 14–19–1, N.M. S.A.1953 (Repl.Vol. 3). The evidence, particularly the restrictive covenants for Los Poblanos Estates, shows that the land of the property owners is land which has been divided into building lots.

■ The legislature possesses great freedom in classification for tax purposes. Michael J. Maloof & Co. v. Bureau of Revenue, 80 N.M. 485, 458 P.2d 89 (1969). Accordingly, we cannot say that in enacting the "Green Belt" law the classification of unsubdivided agricultural land was improper. This classification distinguishes unsubdivided agricultural land from subdivided agricultural land and has the result of valuing subdivided agricultural land at market value and unsubdivided agricultural land on its capacity to produce agricultural products. This distinction, based on the difference in agricultural land which has been divided into building lots and agricultural land which has not been so divided, has a rational basis and does not offend the Constitution. Michael J. Maloof & Co. v. Bureau of Revenue, supra.

The Appeal Board failed to distinguish between subdivided and unsubdivided agricultural land and failed to apply market value to the land involved. It, thus, erroneously applied the law to this case. See § 72–25–19(H), supra.

*Difference between actual value and assessed value.*

The property owners point out that the Appeal Board set aside the decision of the Department on grounds other than that of classification. The property owners' protest was on the basis of their "assessed value." The Appeal Board found that the Department proceeded erroneously because it did not determine "assessed value;" rather, its determination was based on "actual value."

N.M.Const. Art. VIII, § 1, as interpreted in Hardin v. State Tax Commission, supra, does not refer to assessed value. Section 72–2–14.1, supra, bases value for assessment purposes on the capacity of the land to produce agricultural products; that section does not establish "assessed value" as a separate concept. Under the Constitution, and also under the "Green Belt" law, assessed value is reached by applying the applicable ratio to the established value. When the property owners disagreed with the "assessed value" their disagreement was not with the uniform ratio to be applied. See New Mexico Prop. App. Dept. v. Board of County Com'rs, 82 N.M. 267, 479 P.2d 771 (1971). Their disagreement was with the value to which the ratio was applied.

■ The Department arrived at actual value (which in this case equates with market value) and directed that a ratio of 33⅓% be applied to that value on the assessment rolls. This procedure complied with the law. The findings of the Appeal Board, which found a uniform "assessed value" by disregarding the uniform ratio and the value of the property involved, did not comply with the law. The findings concerning "assessed value" as a concept separate from a value to which a ratio was applied are erroneous under the law.

The Order of the Property Appeal Board, being based on findings contrary to law, is reversed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.