569 P.2d 946

Betty Sue MATA, Petitioner-Appellant,

v.

Vincent J. MONTOYA, Director, Department of Finance and Administration, State of New Mexico, Respondent-Appellee.

No. 11317.

Supreme Court of New Mexico.

Oct. 3, 1977.

S. Thomas Overstreet, Alamogordo, for petitioner-appellant.

Toney Anaya, Atty. Gen., J. Michael Francke, Asst. Atty. Gen., Santa Fe, Robert M. Doughty II, Dist. Atty., Alamogordo, for respondent-appellee.

OPINION

McMANUS, Chief Justice.

The Otero County Treasurer was suspended from that office by the Director of the Department of Finance and Administration. After an administrative hearing, the suspension was continued.

A petition was filed in the District Court of Otero County requesting the director to show cause why the treasurer should not be reinstated. The matter was tried before the district court without a jury and the petition and order to show cause were dismissed. The treasurer appeals.

The treasurer objected to the district court conducting a trial *de novo* in response to the petition for an order to show cause pursuant to § 5–3–37.7, N.M.S.A.1953 [2d Repl.Vol. 2, pt. 1, 1974]. She contends that the district court should have limited its scope to reviewing the action taken by the director at the administrative hearing to determine whether the director's actions were arbitrary, capricious, or fraudulent, or not supported by substantial evidence. This is generally the applicable standard for reviewing administrative deci-

sions. *See Keller v. City of Albuquerque,* 85 N.M. 134, 509 P.2d 1329 (1973) which lists the majority of such cases. Those cases dealt with statutes that granted the respondent the right to appeal the decision made by an administrative agency and have the district court review the issues.[1] In such cases the district court functioned as an appellate court, i. e, not as a fact-finder but as an examiner which corrects errors made in the previous hearings.

■ Petitioner, however, misapprehends the nature of the proceeding that was held before the district court. The statute at hand, § 5–3–37.7, supra, states:

If after hearing before the director of the department of finance and administration such suspension is continued, the person suspended shall have the right upon petition to a summary order from the district court of the county where he was serving as an official directed to the director of the department of finance and administration requiring the director to show cause why such official should not be reinstated, and if the director does not show reasonable cause for the suspension of the official, it shall forthwith direct that such official be reinstated.

There is no mention of an *appeal* from a prior decision or a *review* of the agency's action. This statute calls for an original proceeding whereby the burden is on the department of finance and administration to justify its actions. The petition to show cause why the reinstatement should not issue reverses the general rule whereby the decision is deemed correct until proven otherwise. Here the reinstatement will issue unless the department can prove that the suspension is proper. This kind of a proceeding is highly penal in nature (although it is not a criminal action), *State ex rel. Delgado, Sheriff v. Leahy,* 30 N.M. 221, 231 P. 197 (1924), therefore the Legislature may have regarded the additional show cause hearing as a necessary protection of a state officer's rights. The usual cry we hear is "Lack of due process!"; now we are confronted with a petitioner who complains of too much "process." In *Keller v. City of Albuquerque,* supra, this Court held that a statutory provision which called for a jury trial was sufficient authorization to permit a wider scope of review at the district court level than is generally permitted.

■ Petitioner's second contention that the director did not have authority to sus-

---

1. *Grace v. Oil Conservation Commission of New Mexico,* 87 N.M. 205, 531 P.2d 939 (1975), § 65–3–22(b), N.M.S.A.1953 [2d Repl.Vol. 2, pt. 1, 1974], "Any party . . . may appeal therefrom to the district court . . . by filing a petition for the review of the action of the commission . . . ."
*Keller v. City of Albuquerque,* 85 N.M. 134, 509 P.2d 1329 (1973), recognized this statute as an exception to the general rule by its very terms. The statute itself, although titled "Appeal" also falls outside this analysis by its specific provisionᶜ.
*Seidenberg v. New Mexico Board of Medical Exam.,* 80 N.M. 135, 452 P.2d 469 (1969), § 67–26–20, N.M.S.A.1953, "Upon the review of any board decision . . . the judge shall sit . . . but no evidence . . . shall be taken . . . ."
*Hardin v. State Tax Commission,* 78 N.M. 477, 432 P.2d 833 (1967), Ch. 152, § 10 [1955] N.M.Law 302 (repealed 1970), "Any interested person . . . may appeal the same to any district court."
*S. I. C. Finance—Loans of Menaul, Inc. v. Upton,* 75 N.M. 780, 411 P.2d 755 (1966), § 48–17–52(b), N.M.S.A.1953 [Repl., 1966], "any interested party may apply to the district court of

Santa Fe County for a writ of certiorari or review."
*Llano, Inc. v. Southern Union Gas Company,* 75 N.M. 7, 399 P.2d 646 (1964), § 68–9–1, N.M.S. A.1953, "Any party . . . may file a petition in the district court . . . asking for review of the commission's final orders."
*Ingram v. Malone Farms, Inc.,* 72 N.M. 256, 382 P.2d 981 (1963), § 75–6–1, N.M.S.A.1953, "Any applicant . . . may take an appeal to the district court."
*Continental Oil Co. v. Oil Conservation Com'n.,* 70 N.M. 310, 373 P.2d 809 (1962), § 65–3–22(b), N.M.S.A.1953, "Any party . . . may appeal . . . to the district court."
*Johnson v. Sanchez,* 67 N.M. 41, 351 P.2d 449 (1960), § 64–13–65, N.M.S.A.1953 (Supp.1955), "Any person· . . . shall have the right to file a petition . . . for a hearing in the matter in district court," construed to be an appeal from the order and therefore jurisdiction to review was limited.
*Yarbrough v. Montoya,* 54 N.M. 91, 214 P.2d 769 (1950), § 61–516, N.M.S.A.1941, Ch. 87, 1945 N.M.Laws 139, "Any person . . . may appeal therefrom to the district court of Santa Fe County."

**22**

pend her from office is without merit. Although *State ex rel. Delgado, Sheriff v. Leahy*, supra, states that a suspension proceeding is auxiliary to removal, that case dealt with a statute that is substantially different than those at issue. There are two distinct sections now; one concerning removal, the other concerning suspension. Petitioner argues that since § 5–3–3, supra, (relating to removal) is limited by its terms to "officers elected by the people" that § 5–3–37.1 and 37.2 (relating to the suspension section) which define official as "officer, deputy or employee" can only refer to officers *not* elected by the people. Such argument is not well taken. Section 1–2–2.1 defines the general word officer to be "salaried public official" unless defined otherwise by the specific section. No mention is made of elected or unelected positions. Section 5–3–3, supra, limits the general definition but § 5–3–37.1 imposes no such limitation. Since the county treasurer is a salaried public official, the suspension provisions of § 5–3–37.2, N.M.S.A.1953 [2d Repl. Vol. 2, pt. 1, 1974] are applicable to anyone holding that office. The decision of the district court is therefore affirmed.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.