611 P.2d 218

COUNTY OF BERNALILLO; David M. Santillanes, Robert M. Hawk, Wray Simmons, James Paxton Morris, and Juven C. Sanchez, being the Board of County Commissioners of Bernalillo County, New Mexico and Timothy Eichenberg, Treasurer of Bernalillo County, New Mexico, Petitioners,

v.

AMBELL, a New Mexico Venture, Respondent.

No. 12665.

Supreme Court of New Mexico.

May 19, 1980.

Joe C. Diaz, Bernalillo County Atty., Kenneth A. Hunt, Albuquerque, for petitioners.

Johnson & Lanphere, Floyd D. Wilson, Albuquerque, for respondent.

## OPINION

EASLEY, Justice.

Ambell filed a complaint requesting a refund of taxes paid for the year 1977. Its motion for summary judgment was granted. The defendants, the County of Bernalillo and others (County), appealed this ruling to the Court of Appeals, which affirmed the trial court. We granted certiorari and now reverse the Court of Appeals.

At issue is whether the ten per cent limit on property tax increases, established by Section 7–36–17, N.M.S.A. 1978, but since repealed by N.M. Laws 1979, ch. 268, section 3, applies to property which increased in property tax valuation because of a change from agricultural to non-agricultural use.

The subject property was valued at $648.00 for tax year 1976 pursuant to Section 7–36–20, N.M.S.A. 1978. This "Green Belt" law establishes an exception to the general mode of property valuations for tax purposes for agricultural lands giving the owners a dramatic tax-break. This law provides for application to be made to the county assessor for the exemption. Ambell had obtained the exemption for the 1976 tax year. However, in 1977 no such application was made and the assessor valued the property at $419,706.00 pursuant to Section 7–36–15(B) N.M.S.A. 1978. This statute provides that valuation of property such

as this for tax purposes is its market value. Both parties agree that the actual market value of the property was the same for both 1976 and 1977, i. e., $419,706.00. Ambell paid the taxes on the increased valuation and now seeks a refund.

Section 7–36–17, providing the ten per cent limitation on increases in valuation of certain property for property taxation purposes, reads:

A. The limitation upon increases in valuation of property for property taxation purposes provided in Subsection B of this section shall apply only to property that is valued for property taxation purposes under Subsection B of Section 7–36–15 NMSA 1978 using the market value as determined by sales of comparable property method of evaluation.

B. For property described in Subsection A of this section, its value for property taxation purposes in a property tax year shall not exceed the value determined for it in the previous property tax year by an amount equal to ten per cent of the value determined for that previous property tax year.

C. The limitation on property value increase described in Subsection B of this section shall not apply to any *increase in valuation* from the preceding property tax year arising from:

(1) the addition of improvements, whether by declaration of the property owner or user or any other action including the action of a county assessor to add previously omitted improvements, or the remodeling or renovation of existing improvements;

(2) any rezoning or similar action of a governmental body that results in a change of permitted use of the property;

(3) division of the property into two or more parcels for any purpose; or

(4) any other factor resulting in an *increase in value* other than appreciation resulting from market conditions. (Emphasis added.)

The County asserts that the change of valuation for tax purposes from valuation on the basis of agricultural use to market value determined by comparable sales of non-agricultural land was an exception to the ten per cent limitation on property tax increases pursuant to Section 7–36–17(C)(4) because it constituted a "factor resulting in an increase in value other than appreciation resulting from market conditions." The County claims that Ambell's 1977 taxes were properly calculated by reference to its property's full $419,706.00 market value and that it is not entitled to any refund.

But the Court of Appeals agreed with Ambell that the limit applied to its property and that Ambell was entitled to a refund of the property tax paid in 1977 which exceeded ten per cent over the tax Ambell paid in 1976. The Court of Appeals stated that the County failed to distinguish between the statutory language of "increase in valuation" in 7–36–17(C) and "increase in value" in 7–36–17(C)(4). The Court of Appeals reasoned that "valuation" refers to valuation for property tax purposes and "value" refers to actual market value of the property.

That court ruled that exceptions to the applicability of the ten per cent limitation all contemplated increases in the *actual market value* of the property as opposed to a change in classification that would affect the basis for taxation. Since the property's *value* here did not increase, only its *valuation* for property tax purposes because of the change in use, the Court of Appeals concluded that the ten per cent limitation applied.

In its opinion, the Court of Appeals relies on *Addis v. Santa Fe Cty. Valuation Protests Bd.*, 91 N.M. 165, 571 P.2d 822 (Ct.App. 1977). We think this reliance is misplaced. In fact, there is language in the *Addis* case which lends support to the conclusion of the County's claim. In *Addis* the taxpayers sought to have the same ten per cent limit here at issue applied to their property tax increases. The county assessor had carried their 1968 property tax valuation forward each year through 1976. In 1977, when the assessor finally managed to assess their property at full market value, the jump from its 1968 valuation to its 1977 valuation exceeded the ten per cent limitation.

In discussing the four exceptions to the applicability of this limitation, the Court of Appeals in *Addis* indicated the exceptions went to "property factors" and not merely "appreciation resulting from market conditions." In other words, the exceptions involved increases in value of property resulting from, for example, rezoning, improvements and divisions of property into two parcels.

As concerns the subject property in *Addis*, the Court of Appeals stated: "[t]he 'property factors' have not changed since the valuation in 1968". *Id.* at 171, 571 P.2d at 828. Since the increase in valuation in *Addis* was solely from "appreciation resulting from market conditions," the Court of Appeals there held that the ten per cent limit applied.

But here we have the opposite set of facts. The change in valuation is *only* the result of a "property factor". A change in use is like a zoning change or an improvement on the land, which may increase the market value of the property. In fact, exception 7–36–17(C)(2) to the ten per cent limitation specifically mentions changes in usage, although it goes to changes "of *permitted* use of the property." The increase in valuation here, unlike in *Addis*, is not the result of appreciation; rather, the parties agree that there was no appreciation and that the market value of the property was the same for both 1976 and 1977. The increase in valuation is only a result in the change of use, from agricultural to non-agricultural.

■ Section 7–36–20 establishes a *special* method of valuation for land used primarily for agricultural purposes. This valuation is determined on the basis of the land's capacity to produce agricultural products. This "Green Belt" law is clearly an exception to the general mode of property valuation for tax purposes established by our Property Tax Code and the New Mexico Constitution, i. e., market value. §§ 7–35–1 *et seq.*, N.M. S.A. 1978; N.M.Const., Art. VIII, § 1. *See Hardin v. State Tax Commission*, 78 N.M. 477, 432 P.2d 833 (1967). It is clear that the legislative intent behind this special method of property tax valuation is to aid the small subsistence farmers in our state. But once a property's use has changed from agricultural to non-agricultural, there is no longer the need to give the property owner special tax treatment.

■ Looking at all the statutes to determine the intent of the Legislature, we cannot read into the law that the Legislature desired to give special treatment to former owners of agricultural land even after they voluntarily submit to reclassification of their land for property tax purposes. This discriminatory theory of Ambell's, that the increase caused by a "property factor" should have been added to his tax valuation at ten per cent per year, would result in his property not being assessed and taxed at full market value for nearly sixty-eight years, while adjoining owners of non-agricultural lands would be taxed at a much greater rate.

We hold that the intent of the Legislature was to exempt property that has changed from agricultural to non-agricultural use from the provision limiting increase in valuation to ten per cent per year. To do otherwise would lead to absurd results.

We note again that Section 7–36–17 was repealed in 1979; thus we will not be confronted with this issue on taxes assessed since that date.

We reverse the Court of Appeals and remand to the trial court for a dismissal of Ambell's complaint.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, FEDERICI and FELTER, JJ., concur.