743 P.2d 637

Helen LINNEY and Chris Reed, Plaintiffs-Appellees,

v.

The BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CHAVES and Terrell Tucker, Sheriff of Chaves County, Defendants-Appellants.

No. 9328.

Court of Appeals of New Mexico.

Sept. 1, 1987.

W.T. Martin, Jr., Law Office of W.T. Martin, Jr., P.A., Carlsbad, for plaintiffs-appellees.

Randolph M. Toth, Roswell, for defendants-appellants.

## OPINION

GARCIA, Judge.

Defendants appeal from a judgment entered against them regarding the unlawful termination of plaintiffs who were permanent county employees. The sole issue on appeal is whether the trial court correctly applied the standards propounded in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) to the facts of this case. We affirm.

### FACTS

On February 14, 1986, the inmates of the Chaves County jail complained that fish patties served during the noon meal were still frozen. Not surprisingly, the inmates refused to eat the fish patties and sent them back with written letters of complaint. The sheriff ordered another meal sent to the inmates.

At approximately 3:00 that same day, the sheriff summoned the plaintiffs and one other cook responsible for preparing the meal, to meet with him in his office. In addition to the sheriff and the plaintiffs, the meeting was also attended by two of the sheriff's assistants. Plaintiffs were told of the complaints and were asked for their explanations. Two of the cooks made brief equivocal responses, one saying it was the other's fault, the second saying a fish patty had been checked prior to it being served, and it was properly cooked. The sheriff also discussed a prior incident involving some of the cooks wherein a bad stew had been served to the inmates. Af-

ter twenty minutes, the sheriff dismissed the cooks from the room. Following a brief discussion with his two assistants, the sheriff called the three cooks back into the room and told them they were fired. At the time plaintiffs were orally notified of their dismissal, they were not given notification setting forth the grounds for their termination.

At a bench trial, defendants stipulated that Chaves County Ordinance 8, relating to personnel, was constitutionally defective in that it lacked a provision for a pretermination hearing as required by *Loudermill*. Defendants argued, however, that the February 14 meeting did, in fact, comply with the *Loudermill* requirements. In its final judgment, the trial court determined that the meeting did not satisfy *Loudermill*, that the Chaves County personnel ordinance creates a contractual right between the county and the plaintiffs and entered judgment for plaintiffs permanently enjoining the sheriff's department from terminating plaintiffs without according them a proper pretermination hearing.

### DISCUSSION

In *Loudermill*, the Supreme Court determined that due process required a pretermination hearing for government employees. The pretermination hearing must provide notice, an explanation of the evidence and an opportunity to respond. "In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Id.* at 545, 105 S.Ct. at 1495. Thus, the pretermination hearing need not be formal or elaborate, but must give notice of the charges against the employee, and also provide an opportunity for the employee to respond.

In this case, the trial court found that failure to provide the cooks with a pretermination hearing was a violation of due process. The court also found that the twenty-minute meeting did not comply with the requirement of a pretermination hearing. The court found that plaintiffs were not allowed an opportunity to confront the evidence against them in the form of complaints from inmates about the quality of the food they had prepared; they were not

given specifications of the alleged violations; and they were not accorded any opportunity to adequately review the evidence against them nor to prepare a rational reasoned response to the allegations. Thus, the trial court concluded that plaintiffs were wrongfully discharged from their employment and were entitled to reinstatement.

There was substantial evidence to support the court's findings and the findings of fact made by the trial court support its judgment. The defendant's post-*Loudermill* cases which find that similar pretermination hearings were adequate, must be viewed in the total context of the termination process. For example, in *Brasslett v. Cota*, 761 F.2d 827 (1st Cir.1985), the fire chief was disciplined for one prior incident, was requested to and did apologize for a current incident and attended a town council meeting where continued dissatisfaction was expressed and the possibility of disciplinary action was discussed. In a meeting with the fire chief, the town manager reviewed the fire chief's personnel file, the town council's dissatisfaction and disciplinary options before telling the fire chief he would be dismissed. A letter of termination was sent the next day, spelling out reasons and citing incidents and personnel rules violated. The use of a prior incident for which no disciplinary action had been taken was not allowed.

Here, plaintiffs were not given employee correction notices or an opportunity for correction. Moreover, the evidence is uncontroverted that prior incidents were brought up for which no disciplinary action was taken. *See also Bockbrader v. Department of Pub. Inst.*, 220 Neb. 17, 367 N.W.2d 721 (1985) (plaintiff given written correction notices and discussed these problems with supervisor).

We will not substitute our judgment for that of the trial court as to the facts established by the evidence, so long as the findings are supported by substantial evidence. *Getz v. Equitable Life Assurance Soc'y of United States*, 90 N.M. 195, 561 P.2d 468, *cert. denied*, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). The facts relating to the incident in question are essentially undisputed. The trial court was entitled to draw its own conclusions from those facts. The trial court determined that the meeting between plaintiffs and the sheriff did not rise to the level of a pretermination hearing and that the termination of plaintiffs was, therefore, in violation of the due process clause of the Constitution. We find no error.

The trial court is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.