887 P.2d 281

Joe WHEATLEY, Plaintiff–Appellant,

v.

COUNTY OF LINCOLN and Julia Samora, Defendants–Appellees.

No. 21178.

Supreme Court of New Mexico.

Nov. 7, 1994.

Rehearing Denied Dec. 16, 1994.

Hawthorne & Hawthorne, P.A., Charles E. Hawthorne, Ruidoso, for appellant.

Parsons, Bryant & Morel, P.A., Alan P. Morel and Daniel A. Bryant, Ruidoso, for appellees.

OPINION

FRANCHINI, Justice.

Joe Wheatley appeals from a judgment granted in favor of Lincoln County and Julia Samora, the Lincoln County Assessor. We hold that the trial court erred in refusing to

hold a trial de novo and that the court's unchallenged finding that Samora breached Wheatley's employment contract by firing him in bad faith must result in judgment in favor of Wheatley. Accordingly, we reverse the judgment and remand for a determination of damages.

*Facts and proceedings.* Wheatley began working as an appraiser for Lincoln County in 1984. In 1988 he decided to run against Samora for the position of county assessor. Samora won the election, but following her victory, she went to the county manager's office and asked how she could terminate Wheatley's employment because he had run against her. The county manager advised Samora that she would have to follow the procedures for termination set out in the personnel handbook. Samora then began to create reasons to criticize Wheatley. In January 1989 Wheatley filed a grievance against Samora, but the parties settled the disagreement when Samora formally agreed to stop harassing Wheatley. On August 16, 1989, Samora informed Wheatley that he should show up for a pretermination hearing the next day. Samora terminated Wheatley on August 23, alleging that she fired him because he had violated several provisions of Section 4 of the handbook.

*—The handbook.* Subsection 4.4. of the handbook provides that written correction notices must be issued after an employee fails to correct a problem brought to his attention by his supervisor. If the problem continues to exist, the supervisor must issue a second notice and may enter a letter of reprimand into the employee's permanent file. If the problem is serious enough, the employee may be terminated immediately after receiving a second notice. The subsection further provides that an employee may be immediately terminated, though no correction notices have been issued, but only if the employee has "committed an illegal activity or other similar violation which presents a serious case for termination."

*—The post-termination hearing.* Wheatley appealed Samora's decision to the Lincoln County Grievance Board. After a post-termination hearing, the Board found that only two of the purported Section 4 violations were supported by evidence. The first allegation arose from a letter that a village of Ruidoso employee, Mary Wimberly, purportedly sent to Samora. The letter stated that Wheatley came to the water department where Wimberly worked, commented that he had done an appraisal on her property, and then started talking about a water leak he had at his residence. The letter stated that Wimberly "felt an inference of intimidation." Wimberly did not testify at the pretermination hearing, at the hearing before the Grievance Board, or at the trial in district court.

The second allegation arose from a letter Stefanie Whitehead sent to Samora. In this letter, Whitehead complained that when Wheatley came to appraise the property she was renting on August 8, he had become "personal" with her and her boyfriend. He allegedly commented that they should· go back to school and that they needed to get a job. She alleged that Wheatley came back by her house twice in the next two days. The second time he remeasured an area of the house and allegedly commented that she was alone and asked her where she worked. The third time, Wheatley allegedly stated that he dropped by to check on Whitehead. Whitehead testified at the hearing before the Grievance Board but did not testify at the trial.

At the hearing before the Grievance Board Whitehead said she felt threatened because she thought Wheatley was acting like an undercover detective. In her deposition in 1990, however, Whitehead said she did not feel threatened by Wheatley's behavior but that she wanted him to understand that he shouldn't bother or make comments to people. Wheatley tried to submit to the court statements from Whitehead's deposition showing that Whitehead may have had motives for being overly sensitive to personal inquiries and visits from strangers. The court refused to allow testimony other than what had been presented at the Board hearing.

Wheatley testified that he did not make a second visit to remeasure the house. Regarding the alleged third visit, he admitted that he had passed by Whitehead's house while appraising other houses in the area two

days after the appraisal and asked how she was doing. The court refused to admit evidence to show that he was in the area on other business on the day of the alleged third visit. Wheatley admitted that during their first conversation he had commented about school and that they had discussed jobs.

It is uncontroverted that Samora never talked to Wheatley about Wimberly's or Whitehead's claims. Further, Samora testified that Wheatley's performance as an appraiser had always been satisfactory. Solely on the basis of Wimberly's letter and Whitehead's testimony, the Grievance Board recommended to the County Commission that Samora's termination decision be upheld. That recommendation was accepted. Wheatley then filed a complaint for wrongful termination in the district court.

*—The bench trial.* Rather than granting Wheatley a trial de novo, the trial court determined on the day of the bench trial that the suit should be treated as an appeal from an administrative agency decision. Accordingly, the court refused to admit evidence not presented at the Lincoln County Grievance Board hearing and limited its involvement to whole record review. *See Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.,* 101 N.M. 291, 294, 681 P.2d 717, 720 (1984). The court also concluded that as long as procedural due process in the termination proceedings had been followed, it did not have the ability to substitute its judgment regarding any substantive due process violations that may have occurred.

The court found that Wheatley's employment was terminable only for cause and that Samora acted in bad faith with the express intent to fire Wheatley because he had run against her in the election for County assessor. It also found that Wheatley had been given sufficient procedural due process since he had been given a post-termination hearing before the Grievance Board. The court further found that the County Commission's decision to uphold Wheatley's termination (based upon the Wimberly letter and the Whitehead incident) was supported by substantial evidence.

*Wheatley was entitled to a full trial on the merits.* Wheatley's complaint (and the pre-trial order) alleged that Wheatley was fired without cause and that he was not given notice of any alleged job deficiencies before termination as required by the County personnel handbook. The day of trial, however, the court stated that Wheatley's claim was only for violation of procedural due process, i.e., notice and an opportunity to be heard, and that the "substantive due process issue would have to be limited to what the individual sitting in a judicial capacity had knowledge of in that particular hearing."

In its letter decision the court stated that under *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the trial court could not "substitute its judgment for that of ... [Samora] ... so long as procedural due process was not violated." The court further stated that the trial could not be de novo and the court could not substitute its judgment for that of the Grievance Board if substantial evidence supported the Board's finding. The court cited for support *Linney v. Board of County Commissioners,* 106 N.M. 378, 743 P.2d 637 (Ct.App.1987), *Groendyke Transportation Co. v. New Mexico State Corp. Commission,* 101 N.M. 470, 684 P.2d 1135 (1984), and *Mata v. Montoya,* 91 N.M. 20, 569 P.2d 946 (1977).

The trial court stated that in *Loudermill,* the Supreme Court had made it clear that "substantive due process is not at issue." We agree. In that case, however, the employees did not complain that their substantive rights were violated; their primary complaint was that their employers had failed to give them an opportunity to respond to the charges supporting termination prior to discharge. *Loudermill* does not stand for the proposition that substantive due process rights are never at issue in a case where lack of procedural due process is also alleged. In this case, while Wheatley contended that he was not given sufficient notice and opportunity to challenge his dismissal at the pretermination hearing, his major claim was for violation of his substantive rights granted by the employment contract. The suit was for breach of contract because Samora had fired him without cause. Alternatively, Wheatley claimed that if the Wimberly and Whitehead

incidents were cause for termination, Samora had breached the contract by not following the procedure afforded in the handbook. *Loudermill* does not preclude a review of Wheatley's substantive due process and breach of contract claims.

*Linney* likewise does not apply under the facts of this case. There, the fired employees were seeking reinstatement because they had not been given a sufficient opportunity to respond to the complaints that resulted in their dismissal. 106 N.M. at 380, 743 P.2d at 639. Their substantive rights were not yet at issue. Wheatley did not seek reinstatement and had asked an independent factfinder to determine the factual issues. The *Linney* opinion does not address what kind of trial was proper, but the Court of Appeals stated that the "trial court was entitled to draw its own conclusions from [the] facts [relating to the incident]." This statement implies that the trial court was not reviewing an administrative decision but determining an issue de novo.

*Groendyke* is also distinguishable. In that case, the Corporation Commission refused to grant a certificate of public convenience and necessity that would give the plaintiff motor carrier the authority to operate a statewide service. Among the questions raised was whether new evidence could be admitted when the decision of an administrative agency is appealed to district court. 101 N.M. at 473, 684 P.2d at 1138. The Corporation Commission is an administrative agency whose decisions involving the propriety of issuance of certificates of public convenience *by constitutional mandate* may only be reviewed on the whole record made before the Commission. *See* N.M. Const. art. XI, § 7. A decision to uphold the termination of an employee is not an administrative agency decision entitled to the same deference as highly technical decisions made by agencies possessed of specialized knowledge and expertise such as the Corporation Commission. Further, the Corporation Commission is detached from the consequences of its decisions. It is uniquely able to fairly act in a quasi-judicial capacity. A board created by the county to conduct internal reviews of termination decisions made by its county offi-

cers, however, is not an independent entity. Allowing such a board to determine whether the county has breached its own employment contract is akin to allowing the wolf to guard the henhouse.

■ This Court has expressly held that an action to determine the propriety of suspending or terminating the employment of a tenured public employee is not an appeal from a prior decision or a review of an agency's action but an original action requiring a trial de novo. *Mata*, 91 N.M. at 21, 569 P.2d at 947. Unless the legislature has expressly provided a constitutionally-sufficient independent quasi-judicial proceeding for review of termination of a tenured public employee, *see, e.g.,* NMSA 1978, § 22–10–14.1 (Supp.1994) (providing special appeals process for terminated public school employees), the employee is entitled to a trial de novo in district court. After Wheatley exhausted the procedures provided by the County, he was entitled to a full trial on the merits to determine if the termination of his employment contract was valid. The trial court erred by treating the case as a review of an administrative agency decision.

■ *Wheatley was entitled to progressive discipline as opposed to immediate termination for his alleged misconduct.* Because Wimberly did not testify at any hearing and the letter was hearsay, there was no competent evidence regarding that alleged impropriety. *See Seal v. Carlsbad Indep. Sch. Dist.,* 116 N.M. 101, 105, 860 P.2d 743, 747 (1993) (stating that hearsay is not admissible at trial); *Young v. Board of Pharmacy,* 81 N.M. 5, 9, 462 P.2d 139, 143 (1969) (applying rule that hearsay evidence is not competent to support a finding in an administrative agency hearing). Therefore, the only misconduct for which Wheatley could have been validly terminated was the Whitehead incident.

■ The handbook lists eighteen job requirements in Subsection 4.2. Most of them deal with job performance; two prohibit engaging in illegal activity. The handbook provides that employees are entitled to the progressive discipline (as described above) for job-related infractions but may be immedi-

ately terminated for engaging in illegal activity or *similar* conduct of a *serious nature.* Included within the job performance requirements is the duty to deal with the public in a professional manner. The trial court did not make an independent finding regarding whether Wheatley in fact had breached that obligation. However, even if Wheatley had done everything Whitehead claimed, no reasonable factfinder would classify being "nosey" as serious misconduct or conduct similar to engaging in illegal activity. Therefore, as a matter of law, we hold that Wheatley was entitled to progressive discipline and the validity of his termination cannot be supported by the misconduct alleged by Whitehead.

■ *Wheatley is entitled to damages.* The court made an unchallenged finding that Samora fired Wheatley in bad faith and violated his substantive rights but stated it could not award damages because Wheatley's due process rights were not violated. In effect, the court was telling the County that it may unreasonably and arbitrarily fire tenured employees as long as it gives them a chance to complain about it before the County's own Grievance Board. The County failed to establish that Wheatley had engaged in illegal activity or other similar misconduct of a serious nature. Therefore, we hold that because the court found that Wheatley was fired in bad faith, Wheatley is entitled to recover damages for breach of his employment contract.

*Conclusion.* We reverse the judgment of the trial court and remand for entry of judgment in favor of Wheatley and for an award of damages to be determined by the trial court.

**IT IS SO ORDERED.**

BACA, C.J., and FROST, JJ., concur.